**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LINDA A. SMILEY,**

        **Plaintiff,**

**v.**                                                                                           **Case No:  6:13-cv-307-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

The Plaintiff Linda A. Smiley (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits.  Doc. No. 1.  Claimant alleges a disability onset date of April 1, 2009.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to articulate explicit and adequate reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible.  Doc. No. 22 at 12-15.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.[1]

**I.    ANALYSIS.**

In the Eleventh Circuit, a three-part "pain standard" applies when a claimant attempts to establish disability through subjective symptoms.  Under this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the

---

[1] Claimant requests oral argument.  Doc. No. 22 at 1.  Having carefully reviewed the parties' briefs and the record, the Court finds that oral argument is unnecessary to decide the sole issue raised by Claimant.  Accordingly, Claimant's request for oral argument is denied.

severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.[2] Once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id*. at 1562. The lack of a sufficiently

---

[2] Social Security Ruling 96–7p provides:

"2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id*.

explicit credibility finding may give grounds for a remand if credibility is critical to the outcome of the case. *Id*.

In this case, Claimant argues that the ALJ failed to articulate adequate reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible because ALJ only stated that Claimant's statements were not credible to the extent they are inconsistent with the ALJ's residual functional capacity (the "RFC") assessment. Doc. No. 22 at 13. For the reasons set forth below, the Claimant's argument lacks merit.

In the decision, the ALJ states the following with respect to Claimant's subjective statements:

> The claimant alleges disability for pain and impairments resulting from her physical conditions. At the due process hearing, the claimant testified that she cannot work due to severe pain in her arms and weakness resulting from two cervical disk herniations requiring fusion and hardware placement in December 2009. The claimant testified that she has applied for several jobs that she thought she could perform though has not returned to work due to continued pain and weakness. She collected unemployment benefits through June of 2011 and has settled a workers' compensation claim. She receives medical care through vocational rehabilitation. No doctor has precluded the claimant from working. The claimant cares for her personal needs and spends time watching television. She shops and uses a computer. The claimant assists her elderly mother by preparing her simple meals.

R. 14.[3] Next, the ALJ discusses the medical record, including the medical opinion evidence. R. 14-15. Then, the ALJ finds:

> After careful consideration of the evidence, [the ALJ] find[s] that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC].

---

[3] Claimant raises no issue with respect to the ALJ's characterization of her testimony or the medical evidence. Doc. No. 22 at 10-16.

R. 16.[4]  Thus, the ALJ determined that Claimant's subjective statements were not credible to the extent they were inconsistent the ALJ's RFC.  *See* supra n. 3.

The ALJ's above statement is the sole focus of Claimant's argument on appeal.  *See* Doc. No. 22 at 12-16.  Claimant maintains that the ALJ's credibility determination fails to articulate an explicit and adequate reason to discredit her subjective statements.  *Id*.  However, the Claimant's argument utterly ignores the reasons provided by the ALJ for that credibility determination.  *See* Doc. No. 12-16; R. 16.[5]  The ALJ articulated the following reasons for finding Claimant's subjective statements not credible:

> The claimant collected unemployment benefits through June 2011, testified that she looked for work but could not find anything, and has accepted treatment from vocational rehabilitation indicating that she believes she can work.
>
> Since the December 2009 surgery, the claimant's care has been relatively routine and conservative.  Three months post surgical, the claimant was released to return to work with a 25 pound lifting restriction for eight weeks then full duty.  The record reveals overall improvement in the claimant's condition to the point where manual therapy has replaced prescribed pain medication.
>
> There is an unexplained gap in treatment records from March of 2010 to February of 2011.  The fact that the claimant did not seek any medical treatment from either treating sources or indigent care facilities for an entire year indicates to [the ALJ] that her symptoms were not as severe or limiting as she alleges. . . .
>
> In sum, the above [RFC] is supported by the level of care the claimant has received and the result of diagnostic testing and examinations of record detailed above.  The records shows the

---

[4] The ALJ determined that Claimant retains the RFC to "perform less than the full range of light work."  R. 13-14.  The ALF found that the Claimant can perform the lifting and carrying restrictions of light work, but she can only "occasionally climb ramps and stairs, balance, stoop, and kneel, and can never climb ladders, ropes, or scaffolds or crawl.  She cannot tolerate concentrated exposure to workplace hazards including machinery and heights.  The claimant is further limited by no repetitive use of the left (non-dominant) upper extremity."  R. 13-14.

[5] Claimant's brief ignores the reasons offered by the ALJ for finding Claimant's statements not credible despite the fact the ALJ provided those reasons directly after making the credibility determination.  *See* Doc. No. 22 at 12-16; R. 16.

> claimant's condition improved following surgery and her decisions to job hunt, collect unemployment benefits through June of 2011, and accept vocational rehabilitation services reveal her belief that she can work. After considering the record in its entirety, [the ALJ] find[s] that while the claimant's medically determinable impairments could reasonably be expected to cause some limitations, they would not prevent the claimant from performing less than a full range of light work activity.

R. 16. Thus, the ALJ provided the following three (3) reasons for the ALJ's credibility determination: (1) Claimant collected unemployment benefits through June of 2011, she continued to look for work, and has accepted vocational rehabilitation treatment; (2) three months after Claimant's 2009 surgery, she was released to return to work with a 25 pound lifting restriction applicable for 8 weeks, and her condition has improved; and (3) Claimant did not seek any treatment from March of 2010 through February of 2011. R. 16.

As set forth above, the Court will not disturb the ALJ's credibility determination where the ALJ articulates adequate reasons for the determination, which are supported by substantial evidence. *Foote*, 67 F.3d 1582. The explicit reasons offered by the ALJ for the credibility determination are supported by substantial evidence. *See* R. 31 (Claimant's testimony that she received unemployment benefits from April 2009 through June 13, 2011); R. 35-36 (Claimant's testimony about pursuing vocational rehabilitation); R. 349-50 (Claimant reporting that she is willing to return to work); R. 418 (treatment note from Claimant's treating physician stating that post-surgery Claimant only experiences mild occasional pain and is limited to lifting a maximum of 25 pounds for 8 weeks before resuming a normal lifestyle); R. 48-49 (Claimant's testimony that she did not receive treatment for nearly a year between 2010 and 2011); R. 460-61 (treating physician's notes indicating that Claimant has "recovered well without complication with resolution of her neck pain and upper extremity pain."). Thus, Claimant's argument is rejected because it is factually inaccurate, *i.e.*, the ALJ did articulate explicit reasons for the ALJ's

credibility determination (*see* R. 16), and because those reasons articulated by the ALJ are supported by substantial evidence.

## II.     CONCLUSION.

Based on the forgoing, it is **ORDERED that**:

1. The final decision of the Commissioner is **AFFIRMED**;

2. The Clerk is directed to enter judgment in favor of the Commissioner; and

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 4, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

N. Albert Bacharach, Jr., Esq.
N. Albert Bacharach, Jr., P.A.
115 Northeast 6th Avenue
Gainesville, Florida 32601

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Kelley Fitzgerald
Administrative Law Judge

c/o Office of Disability Adjudication and Review
Desoto Building, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224